## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-706-CV-W-FJG |
| HELEN M. BRANDT REVOCABLE LIVING TRUST, and LUTHERAN CHURCH – MISSOURI SYNOD FOUNDATION, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Willa Jean Peterson's Motion to Intervene as a Party Defendant and Suggestions in Support Thereof (Doc. # 22).

### I. BACKGROUND

Helen Brandt created the Helen M. Brandt Revocable Living Trust (Brandt Trust) in May of 1996. She owned two Thrivent Financial for Lutherans (Thrivent) annuity contracts, and designated Lutheran Church-Missouri Synod (Lutheran) as the beneficiary of the two Thrivent contracts. In December of 2006, two months before her death, she converted those contracts to Fixed Annuity Settlement Contracts and changed the beneficiary designation from Lutheran to the Brandt Trust.

Lutheran, Thrivent and the Brandt Trust appear to agree that the two contracts should be paid to Lutheran, despite the change in beneficiary designation, and the three parties have filed a stipulation on this point. (Doc # 22-4). The Thrivent agent who worked with Helen has told the trustees that he and Helen never discussed changing the beneficiary designation, and that Helen never indicated to him that she desired to make

such a change. He admitted he had made a mistake in naming the Trust rather than Lutheran as the beneficiary when the contracts were converted. (Doc # 22-3).

Willa Peterson is a beneficiary of the Brandt Trust. She "vehemently disagrees" with Lutheran's analysis of the facts and the Brandt trustees' representation of the trust beneficiaries. (Doc # 22 para. 5). Peterson appears to be the only one of 20 beneficiaries who disagrees with the stipulation of Thrivent, the Trust and Lutheran. She contends the trust beneficiaries are entitled to the proceeds of the contracts. The proceeds of the contracts have not yet been distributed to any party in this matter; instead, they are being held in the registry of the Court.

## II. STANDARD

Under the Federal Rules of Civil Procedure, intervention as of right is required when a party has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Under Missouri law, "in matters concerning trust relations, a *cestui que trust*, who is not a party to an action between a trustee and a third person, may intervene by showing the court that it is necessary to make him a party to protect his interest." Young v. Pressgrove, 195 S.W.2d 516, 518 (Mo. 1946)("If there is a fund, in the custody of the court to be distributed, which each of two parties claim, it is, of course, fundamental that any other party may be entitled to intervene and make a claim to it against both of the original parties.").

2

## III. DISCUSSION

Lutheran contends that Peterson should not be allowed to intervene in this case because only trustees can sue to recover trust property. Lutheran relies on Baker v. Dale, 123 F. Supp. 364, 368 (W.D. Mo., 1954). Under Baker, a beneficiary can only intervene to recover trust property if he or she joins all other beneficiaries as indispensable parties and sues the trustees for bad faith in refusing to protect the assets of the trust. Id. Lutheran argues that because Peterson has failed to join the other beneficiaries and has not alleged any bad faith on the part of the trustees, she cannot intervene in the suit.

Peterson counters by arguing that this case involves trust relations rather than recovery of trust property. This Court agrees with Peterson that because the proceeds of the contracts have yet to be distributed, this suit does not involve the recovery of trust property. Any party, including the beneficiary of the trust, may intervene in a suit regarding trust relations by showing that doing so is necessary to protecting that party's interest. Young v. Pressgrove, 195 S.W.2d 516, 518 (Mo. 1946). Joining the other beneficiaries as indispensable parties is not required in this case. The other beneficiaries may be proper parties, but they are not indispensable parties. See Boatmen's Nat'l Bank v. Rogers, 179 S.W.2d 102, 105 (Mo. 1944).

Peterson has met the federal statutory requirements for intervention. She has also demonstrated that intervention is necessary to protect her interest, and that joinder of the other beneficiaries of the trust is not necessary for her to have standing to proceed.

## IV. CONCLUSION

3

Accordingly, for the above stated reasons, Peterson's Motion to Intervene as a Party Defendant (Doc. # 22) is hereby **GRANTED**. Peterson's proposed answer and claim for interpleaded funds (attached as an exhibit to Doc. # 22) shall be filed by counsel for Peterson on ECF on or before **APRIL 15, 2008.**


Date:  4/11/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge