IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-706-CV-W-FJG |
| | ) | |
| HELEN M. BRANDT REVOCABLE LIVING TRUST, and LUTHERAN CHURCH – MISSOURI SYNOD FOUNDATION, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court are (1) Plaintiff Thrivent Financial for Lutherans' Motion to Dismiss Counterclaim of Defendant Lutheran Church-Missouri Synod Foundation or, Alternatively, Motion to Compel Arbitration and Stay Litigation of Counterclaim Pending Arbitration (Doc. No. 31); and (2) Motion to Grant Defendant Lutheran Church-Missouri Synod Foundation Leave to File a Third-party Complaint against Elmer Leimkuehler and Join Him as a Third-Party Defendant Herein and Grant Leave to File and Amended Statement of Claim and Amended Counterclaim Against Plaintiff/Counterclaim Defendant Thrivent Financial for Lutherans (Doc. No. 33).

**I. Background**

Helen Brandt created the Helen M. Brandt Revocable Living Trust in May of 1996. She owned two Thrivent Financial for Lutherans (Thrivent) annuity contracts, and designated Lutheran Church-Missouri Synod Foundation (the "Foundation") as the beneficiary of the two Thrivent contracts. In December of 2006, two months before her

death, she converted those contracts to Fixed Annuity Settlement Contracts and changed the beneficiary designation from Lutheran to the Brandt Trust. Certain of the parties' filings, however, allege that the change in beneficiary designation may have been negligence or mutual mistake. Thus, certain parties dispute whether the proceeds should be distributed to the Foundation or the Brandt Trust. Ms. Brandt died in early 2007.

On September 19, 2007, Thrivent filed a Complaint in Interpleader against the Brandt Trust and the Foundation. Currently, the proceeds of those contracts reside in the Court's registry and have not yet been distributed to the Brandt Trust or the Foundation.

On November 21, 2007, the Foundation filed a Counterclaim against Thrivent, alleging that Thrivent and its agent "caused Ms. Brandt to terminate annuities owned by her and caused Thrivent to issue the two settlement agreement contracts . . . in order to garner for himself and for Thrivent business, commissions and fees." The Foundation prays for the Court's Order setting aside the transfer of the previous annuity contracts, directing distribution of the interpleaded funds to the Foundation, and requiring Thrivent to pay over to the Foundation all fees and commissions that Thrivent and its agent received as a result of the issuance of the settlement contracts.

On March 11, 2008, Thrivent filed its motion to dismiss the counterclaim. On March 13, 2008, the Foundation filed a motion to amend its claim, counterclaim, and add a third-party claim against the agent, Elmer Leimkuehler.

## II. Thrivent Financial for Lutherans' Motion to Dismiss Counterclaim, or, alternatively, Motion to Compel Arbitration (Doc. No. 31)

Thrivent states that, pursuant to Rule 12(b)(6), it seeks dismissal of the counterclaim because it is barred by the Foundation's failure to comply with the Resolution of Disputes

2

Program set forth in Section 12 of Thrivent's By-laws. Alternatively, Thrivent moves to compel arbitration of the counterclaim and for an order staying litigation of the counterclaim pending arbitration.

Thrivent's Resolution of Disputes Program provide that members, insureds, certificate owners or beneficiaries must utilize Thrivent's dispute resolution procedures. These procedures apply "to all claims, actions, disputes and grievances of any kind or nature whatsoever." (Section 12(b)). The procedures bar the filing of a lawsuit, and instead the party must appeal to a designated reviewer within Thrivent, followed by mediation, and then mandatory arbitration. (Section 12(c)-(d)). Thrivent argues that the Foundation is a "beneficiary" within the meaning of the by-laws.

Thrivent further notes that Section 12 of its Bylaws does not apply to "interpleader actions to determine proper owner, beneficiary, or payee." Thus, the dispute resolution procedure does not apply to the interpleader action or the Foundation's claim as to the proceeds of the contracts. However, Thrivent asserts that the Foundation's claims of wrongdoing on the part of Thrivent's agent in termination of prior annuities and its requests for rescission and money damages are beyond the relief anticipated in an interpleader action and ought to be subject to the Resolution of Disputes Program.

The Foundation responds that arbitration of the Counterclaim is improper because there is no written arbitration agreement between Thrivent and the Foundation. Further, in order for a third-party beneficiary to be bound to an arbitration agreement entered into by others, under Missouri law, the proponent of the agreement must show:

> To be bound as a third-party beneficiary, the terms of the contract must clearly express an intent to benefit that party or an identifiable class of which the party is a member. In cases where the contract lacks an express

> declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves. Furthermore, a mere incidental benefit to the third party is insufficient to bind that party.

Netco, Inc. v. Dunn, 194 S.W.3d 353, 358 (Mo. 2006), cert. denied, 127 S.Ct. 727, 166 L.Ed.2d 562 (2006)(internal citations omitted). The Foundation states that Thrivent has failed to make this showing. After reviewing the parties briefs and arguments, however, the Court finds that Thrivent has sufficiently demonstrated the beneficiary status of the Foundation, given that the previous annuities (the ones the Foundation seeks to enforce in its counterclaim) had expressly designated the Foundation as the beneficiary.

The Foundation's more compelling argument is that Thrivent should not be allowed to litigate portions of this case in the Court system, while leaving other portions to arbitration. The Foundation states that Thrivent has chosen "to take advantage of the judicial machinery when it filed its Petition for interpleader in this Court. Compelling arbitration of the Counterclaim is not only improper, but would also result in piecemeal litigation of the claims arising from the same set of facts." The Court agrees with the Foundation that all the claims presented in the interpleader action and in the Foundation's counterclaim depend on the resolution of a single set of facts, and that the cross-claims, counterclaims, and any third-party claims are really part of the larger interpleader action. The Court finds that this action should not be split among two different forums just because the Foundation seeks damages in addition to the interpleaded funds. Therefore, Thrivent's motion to dismiss, or in the alternative, motion to compel arbitration (Doc. No. 31) will be **DENIED.**

III. **The Foundation's Motion to Grant it Leave to File a Third-Party Complaint against Elmer Leimkuehler and Join Him as a Third-Party Defendant Herein and Grant Leave to File an Amended Statement of Claim and Amended Counterclaim against Plaintiff-Counterclaim Defendant Thrivent Financial for Lutherans (Doc. No. 33)**

The Foundation seeks leave to file a third-party complaint against Elmer Leimkuehler, Thrivent's agent, and join him as a third-party defendant in this matter, as well as leave to file an amended claim and counterclaim. The Foundation states that in the course of discovery, it has received evidence that either a mutual mistake was made when Leimkuehler caused Thrivent to issue replacement annuities, or these same parties were negligent in issuing the annuities. The Foundation seeks to incorporate this evidence in its amended claim and counterclaim, as well as a third-party complaint.

Thrivent has filed opposition to both requests. Thrivent indicates that (1) the Foundation cites no evidence to support its request that it be permitted to file a third-party complaint against Leimkuehler or an amended counterclaim; (2) the claim against Leimkuehler and the amended counterclaim are subject to the Resolution of Disputes Program set forth in Thrivent's by-laws; and (3) to the extent the Foundation's proposed amended statement of claim asks the Court to set aside "the transfer of the annuity contracts into settlement contracts 9169283 and 9169505," this relief should be pursued through the Resolution of Disputes Program found in Thrivent's By-laws.

The Court agrees with the Foundation that it is not required at the pleading stage to set forth evidentiary support for its claims. Furthermore, the Court has already found that the Foundation's counterclaims should not be subject to Thrivent's Resolution of Disputes

5

Program. The same reasoning applies to the Foundation's third-party claims against agent Leimkuehler.

According to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend pleadings] when justice so requires." Therefore, in the interest of justice, the Foundation's Motion to Grant it Leave to File a Third-Party Complaint against Elmer Leimkuehler and Join Him as a Third-Party Defendant Herein and Grant Leave to File an Amended Statement of Claim and Amended Counterclaim against Plaintiff-Counterclaim Defendant Thrivent Financial for Lutherans (Doc. No. 33) will be **GRANTED.** The Foundation shall file its Third-Party Complaint and Amended Statement of Claim and Amended Counterclaim on ECF or before **May 16, 2008**.

**IT IS SO ORDERED.**

Date: 5/13/08  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge